UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-81718-CIV-SINGHAL

NEWYORKSOCIALDIARY.COM, LLC,

      Plaintiff,

v.

PALM BEACH SOCIAL DIARY LLC, SM
PARENT, LLC, JESSICA FONTAINE SWIFT,
and TRENT J. SWIFT,

      Defendants.

_____/

## OPINION AND ORDER

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss the Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim upon which Relief can be Granted, filed on December 17, 2021 (the "Motion") (DE [31]).  Plaintiff filed a Response on February 1, 2022 (the "Response") (DE [40]).  Defendant filed a Reply on February 14, 2022 (the "Reply") (DE [49]).   The Motion is now ripe for this Court's consideration.

### I.   BACKGROUND

This action involves claims of trademark infringement and related claims under federal and state law.  Plaintiff alleges that, since 1998, it has "offered its services under its SOCIAL DIARY mark throughout the United States, such that it has common law rights in Plaintiff's SOCIAL DIARY mark." *See* Compl. ¶ 12 (DE [1]).  Plaintiff further alleges that, since 2000, it "has offered its services under its NEW YORK SOCIAL DIARY mark throughout the United States, such that it has established common law rights in Plaintiff's NEW YORK SOCIAL DIARY mark." *Id.* ¶ 13.  Plaintiff additionally claims that, since 2008, it "has offered its services under its PALM BEACH SOCIAL DIARY mark throughout the

United States, such that it has established common law rights in Plaintiff's PALM BEACH SOCIAL DIARY mark." *Id.* ¶ 14.  Plaintiff applied for federal registrations for the marks "SOCIAL DIARY" and "PALM BEACH SOCIAL DIARY" in connection with its entertainment column website. *Id.* ¶ 15.  These applications are currently pending, and Plaintiff does not possess any other federal registrations for these marks.  Plaintiff has, however, obtained federal registration for the mark "NEW YORK SOCIAL DIARY" in connection with its entertainment column website. *Id.*  Plaintiff references this federal registration and the two applications as "Plaintiff's Properties," *id.* ¶ 16, and claims to have used its "Properties" on its website and "other social media outlets," *id.* ¶¶ 17–18.

In the Complaint, Plaintiff asserts that Defendants' "wrongful conduct" constitutes its offering services under the trademark "PALM BEACH SOCIAL DIARY." *Id.* ¶ 25. Defendants Jessica Swift and Trent Swift are alleged to "direct the day-to-day activities of [Palm Beach Social Diary], including the infringing acts described in th[e] Complaint, and derive substantial personal benefit from all such activities." *Id.* ¶ 26.  Plaintiff further asserts that Defendant Trent Swift filed a federal trademark application on behalf of Palm Beach Social Diary for its trademark "PALM BEACH SOCIAL DIARY," which was rejected due to potential confusion with Plaintiff's "NEW YORK SOCIAL DIARY" mark. *Id.* ¶¶ 27– 29.  Plaintiff has also alleged that Defendants have "expanded [their] territorial reach beyond Palm Beach, Florida to the State of New York and beyond" by "launch[ing] a digital magazine entitled SOJOURN." *Id.* ¶¶ 31, 34–36.  Plaintiff claims the formats found in Defendants' "PALM BEACH SOCIAL DIARY" and SOJOURN MAGAZINE "use a trade dress confusingly similar to that used by Plaintiff's NEW YORK SOCIAL DIARY and PALM BEACH SOCIAL DIARY." *Id.* ¶¶ 46.

On May 6, 2021, four months prior to the commencement of the present action,

Defendant Palm Beach Social Diary, LLC filed an action in the 15th Judicial District in Palm Beach County, Florida against Plaintiff and Christine Schott-Ledes in her capacity as agent for Plaintiff ("state court action"). *See* (DE [31-2], ¶¶ 3–5).  In the state court action, Defendant Palm Beach Social Diary, LLC sued Plaintiff and Schott-Ledes for tortious interference with advantageous business, defamation by implication, and infringement of Florida trademark. *See* Motion, at 5.  Furthermore, Defendant Palm Beach Social Diary, LLC alleged that Plaintiff and Schott-Ledes conducted business holding themselves out as "the Real Palm Beach Social Diary" and had infringed Defendant's Florida-registered trademark for "Palm Beach Social Diary." *Id.*

On August, 16, 2021, four weeks before the present action was commenced, Plaintiff filed its answer and affirmative defenses in the state court action. *See* (DE [31-3).  In that filing, Plaintiff discussed its response to the Florida trademark infringement claim. *Id.* ¶ 33–44.  Plaintiff asserted that it either was known, or should have been known, to Defendant that Plaintiff "has actively used the tradename Palm Beach Social Diary since 2007, years ahead of [Defendant's] use." *Id.* ¶ 37.  Plaintiff further contended that its mark "'New York Social Diary' has been federally trademarked since 2012 and, as noted, [Plaintiff] has been using the tradename Palm Beach Social Diary since 2007 as part in parcel of its operations." *Id.* ¶ 38 (cleaned up).  Finally, Plaintiff asserted preemption as an affirmative defense in the state court action. *Id.* at 5.  Plaintiff argued the USPTO's decision to deny Defendant's application to register the mark "Palm Beach Social Diary" (because it too closely resembled Plaintiff's mark) supersedes any decision under Florida law. *Id.*  Thus, as Plaintiff argued, "given the finding of the USPTO, it is [Defendant] who is infringing on [Plaintiff's] mark." *Id.*  The state court action is currently pending. *See* Response, at 17.

## II.   <u>LEGAL STANDARD</u>

Rule 12(b)(1) applies to challenges of a court's subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."  *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  Generally, the plaintiff must allege, with particularity, facts necessary to establish jurisdiction and must support his allegation if challenged to do so.  *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1273 (11th Cir. 2000).

"A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack."  *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).  "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'"  *McElmurray v. Consol. Gov't of Augusta— Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525 (11th Cir. 1990)).  "Factual attacks," on the other hand, serve to "challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered.'"  *Id.*

## III.   <u>DISCUSSION</u>

### A.  The Parties' Arguments

Defendants assert several bases for dismissal in their motion.  First, Defendants argue that the claims for relief in the present action are precluded as compulsory counterclaims because they were waived by Plaintiff in the state court action. *See* Motion, at 6–8.  Defendants assert that the claims in the present action are logically related to

those in the state court action because they both involve assertions of ownership and infringement of the "Palm Beach Social Diary" mark. *Id.* at 9.  Defendants contend that Plaintiff waived these claims in the state court action by failing to add them as counterclaims. *Id.* at 10.  Thus, according to Defendants, this Court lacks subject matter jurisdiction under the doctrine of res judicata to adjudicate these claims because they were finally determined through waiver. *Id.* at 10–12.  Second, Defendants argue the Court lacks subject matter jurisdiction over the claims against Mr. Swift because Plaintiff lacks Article III standing to assert them against him. *Id.* at 12–14.  Finally, Defendants assert that the Complaint fails to allege any cause of action against Defendant SM Parent, LLC. *Id.* at 15.

Plaintiff, in turn, responds that its claims in the present action were not compulsory counterclaims in the state court action. *See* Response, at 4.  Plaintiff emphasizes that the parties in the state court action are not the same as in the present action because the state court action includes Christine Schott as a Defendant, and the present action names SM Parent, LLC, Jessica Swift, and Trent Swift as party defendants. *Id.* at 10–11.  Plaintiff adds that the state court action deals with logically unrelated facts because it involves claims of tortious interference with business relations, defamation, and infringement of a state-registered trademark. *Id.* at 11–12.  Plaintiff further adds that res judicata and the Rooker-Feldman doctrine do not apply to bar Plaintiff's claims because there was no final judgment in the state court action. *Id.* at 16–20.  Second, Plaintiff asserts that the Court has subject matter jurisdiction over Trent Swift and that Plaintiff has Article III standing to assert claims against him. *See id.* at 21–23.  Finally, Plaintiff asserts it has sufficiently alleged a cause of action against Defendant SM Parent, LLC. *See id.* at 23–25.

**B.  The Court's Analysis**

The first issue is whether res judicata applies to bar Plaintiff's claim as a waived compulsory counterclaim in the state court action. "When a suit is brought under federal question jurisdiction, and the federal court is asked to give res judicata effect to a state court judgment, it must apply the res judicata principles of the law of the state whose decision is set up as a bar to further litigation." *Petillo v. World Savings Bank, FSB*, 2009 WL 2178953, at *3 (M.D. Fla. July 21, 2009) (quoting *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1509 (11th Cir.1985)) (cleaned up). Under Florida law's doctrine of *res judicata*, a claim is barred by prior litigation only if (1) there is a final judgment on the merits, (2) the decision was rendered by a court of competent jurisdiction, (3) the parties, or those in privity with them, are identical in both actions, and (4) the same cause of action is involved in both cases. *See Madura v. Countrywide Home Loans, Inc.*, 344 Fed. Appx. 509, 517 (11th Cir. 2009) (citing *Fla. Dep't of Transp. v. Juliano*, 801 So. 2d 101, 105 (Fla. 2001)). And "the failure to bring a compulsory counterclaim in a state court proceeding bars a subsequent suit in federal court on that claim." *Beepot v. J.P. Morgan Chase Nat. Corporate Services, Inc.*, 57 F. Supp. 3d 1358, 1370 (M.D. Fla. 2014) (cleaned up). Applied here, as Plaintiff points out, the state court litigation is currently pending so there has been no final judgment on the merits. Thus, res judicata cannot apply to bar Plaintiff's claim in the present action as a waived compulsory counterclaim.

Nevertheless, a federal court may abstain from exercising its jurisdiction when there is concurrent litigation in state court. In *Colorado River Water Conservation District v. United States*, the Supreme Court addressed the circumstances in which federal courts should abstain from exercising their jurisdiction due to the existence of a parallel proceeding in one or more state courts. 424 U.S. 800 (1976); *see also Ambrosia Coal &*

*Constr. Co. v. Pagés Morales*, 368 F.3d 1320, 1327 (11th Cir. 2004).  The *Colorado River* Court recognized that in certain "exceptional" circumstances abstention may be appropriate "due to the presence of a concurrent state proceeding."  *Colorado River*, 424 U.S. at 818.

As a threshold matter, for *Colorado River* abstention doctrine to apply, there must be "federal and state proceedings involv[ing] substantially the same parties and substantially the same issues." *Ambrosia Coal*, 368 F.3d at 1330.  For there to be parallel proceedings under *Colorado River*, "[e]xact identity between parties and issues is not required." *Flowers v. Fulton Cty. Sch. Sys.*, 654 Fed. Appx. 396, 399 (11th Cir. 2016); *see Ambrosia Coal*, 368 F.3d at 1329–30 (rejecting argument that "Colorado River abstention is permissible only when the relevant federal and state cases share identical parties, issues, and requests for relief" as too formalistic and as "fly[ing] in the face of the Supreme Court's clear efforts to fashion a flexible and holistic test for applying the *Colorado River* abstention principle.").  Rather, federal and state actions may be "inextricably intertwined"—and thus subject to abstention—when they stem from the same conduct. *Fed USA Franchising, Inc. v. Merille, Inc.*, 2013 WL 12155944, at *3 (M.D. Fla. Feb. 21, 2013).

Applied here, the parties and issues in both the state court action and present action are substantially the same.  Both actions center around a dispute over the "Palm Beach Social Diary" mark.  The Defendant initiated the state court action against Plaintiff alleging several claims, one of which being infringement on its Florida-registered trademark—"Palm Beach Social Diary."  Defendant's other claims in the state court action—tortious interference with Defendant's business relations and defamation—all stem from the issue of ownership over the "Palm Beach Social Diary" mark.  Though there

is not exact identity between issues, this is not required. *See Flowers*, 654 Fed. Appx. at 399. The parties are also substantially the same. Both actions involve the key parties NEWYORKSOCIALDIARY.COM, LLC and PALM BEACH SOCIAL DIARY LLC. In the state court action, Defendant added Christine Schott-Ledes in her capacity as agent for Plaintiff. In the present action, Plaintiff added the Swifts and SM Parent, LLC. In both actions, the additional parties are inextricably intertwined with the key parties because they function as agents or owners thereof. Thus, again, while exact identity of parties is not present, this is not required. *Id.* Accordingly, the Court finds that both actions present substantially the same parties and issues. The concurrent cases are parallel such that they prompt consideration of the exceptional circumstances test.

Once the threshold has been met, a federal court considers six factors in determining the propriety of abstention: (1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights. *Id.* at 1331. These factors are to be applied flexibly and pragmatically, and no one factor is necessarily determinative. *Id.* at 1331–32 (citations omitted). Moreover, "the list of factors is not exhaustive." *Gold-Fogel v. Fogel*, 16 F.4th 790, 800 (11th Cir. 2021). Finally, the court should also consider "the vexatious or reactive nature of either the federal or the state litigation" in deciding whether abstention under *Colorado River* is proper. *Id.* at 1331 (citation omitted).

First, there is a substantial risk of piecemeal litigation. "The concern with piecemeal litigation arises primarily where parallel lawsuits pose a risk of inconsistent outcomes not preventable by principles of res judicata and collateral estoppel. Piecemeal

litigation . . . occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." 32A Am. Jur. 2d Federal Courts § 1061. "[T]he avoidance of piecemeal litigation does not favor abstention unless the circumstances enveloping those cases will likely lead to piecemeal litigation that is abnormally excessive or deleterious." *Ambrosia Coal*, 368 F.3d at 1333.  Thus, "[r]un of the mill piecemeal litigation will not do . . . ." *Jackson-Platts v. General Elec. Capital Corp.*, 727 F.3d 1127, 1142 (11th Cir. 2013).   Here, the risk of abnormally excessive or deleterious piecemeal litigation is present because the parallel actions pose a significant risk of inconsistent rulings, duplication of efforts, and an overall waste of judicial resources.  Both cases center around the issue of who is the valid owner of the "Palm Beach Social Diary" mark.  The factual issues are thereby the same in both cases, and the legal issues are largely the same as well.  Plaintiff's central argument is that it owns the mark based upon its federal trademark and pending federal trademark applications. Defendants' central argument is that they own the mark based upon their state-registered trademark.  Each of these arguments are being made in both actions.  Thus, the legal issues will be largely the same in both actions.  *See Sini v. Citibank, N.A.*, 990 F. Supp. 2d 1370, 1379 (S.D. Fla. 2014) (finding *Colorado River* abstention warranted where the concurrent state and federal actions were "so inextricably intertwined in both their factual and legal issues that dual litigation would likely result in deleterious duplication of judicial resources.").

The threat of conflicting or inconsistent rulings is significant.  The state court action will potentially find, in the affirmative, that Plaintiff tortiously interfered with Defendant's advantageous business relationships and committed defamation against Defendant. Moreover, the state court action might likewise conclude Defendant possesses a valid

and enforceable trademark for the "Palm Beach Social Diary" mark under Florida law. These rulings would lead to significant complication and confusion in the federal action. If this Court were to find in favor of Plaintiff on its federal trademark claim, the impact of a potential state court finding in favor of Defendant on the tortious interference and defamation claims would present irreconcilable challenges to this Court.  For example, in determining the preclusive effect of the state court decisions regarding tortious interference or defamation, the Court would be left to guess to what extent, if at all, those decisions rested on the assumption that Defendant held a valid trademark under Florida law (assuming the state court did not yet rule on that issue).  If those decisions did rest on that assumption, and this Court were to find Plaintiff possessed a valid federal trademark that preempted Defendant's trademark under Florida law, this Court would by extension need to determine whether those additional state court rulings (on tortious interference and defamation) are also preempted.  However, because this Court did not issue those decisions, the Court would be unable to determine to what degree, if at all, those decisions rested on the finding that Defendant possessed a valid trademark under Florida law.

Additionally, there would be a deleterious waste of judicial resources for this Court and the state court.  Both cases revolve around the central question of who truly owns the "Palm Beach Social Diary" mark, and both actions will involve discovery, motion practice, status hearings, motion hearings, and potentially trial centered around this question.  This duplication of efforts is a significant waste of resources for both courts when one court could effectively hear all these claims in one action.  In addition to avoiding unnecessary duplication, having all the parties' claims and counterclaims before one judge would allow for greater efficiency in determining how certain findings on any

one claim may impact another claim—a possibility not present when those claims are separated because they are before different judges.

The other *Colorado River* factors bear little to no weight.  The first factor is of no consequence because there is no property either court has assumed jurisdiction over. Similarly, the second factor is of no consequence because there is no reason to believe the federal forum would be inconvenient since the state court action is within the Court's District.  The fourth factor adds a small degree of weight to finding in favor of abstention because the present action was initiated over four months after the state court action was filed.  This is a considerable time difference but is not large enough to raise significant suspicions of forum shopping or concerns regarding vexatious or reactive litigation.  The fifth factor weighs in favor of abstention only where the applicable state law is "particularly complex or best left for the state courts to resolve." *Jackson-Platts*, 727 F.3d at 1143. Thus, because there is no indication any of Defendants' state law claims are particularly complex, this factor is of no consequence.  Finally, the sixth factor is likewise of no consequence because both courts are perfectly adequate to protect the parties' rights. *See Sini*, 990 F. Supp. 2d at 1380.

## IV.   <u>CONCLUSION</u>

After consideration of the aforementioned factors, the Court finds that the concurrent state action presents a genuine risk of abnormally excessive, deleterious and duplicative litigation because of the substantial overlap of issues and facts in the actions. Thus, continued litigation in this Court presents a true danger of inconsistent rulings based on the same facts.  The state court action is also over four-months ahead of the present action.  For these reasons, the Court finds that exceptional circumstances exist

to warrant abstention under *Colorado River*.[1]

There is, of course a difference between dismissing a case and staying a case. Here, the parties are in somewhat of a race to resolution in their separate chosen fora. This Court is faced with the tension of exercising the jurisdiction given it, while considering wise judicial administration, conservation of precious resources and "comprehensive disposition of litigation." *Gold-Fogel v. Fogel*, 16 F.4th 790, 800 (11th Cir. 2021). It seems most wise to allow the parallel first-filed, Florida law-based State court action to play out and conclude and then—with the benefit of that resolution—to resolve this action. The Court will therefore stay the present action and defer to the concurrent proceedings in the 15th Judicial District in Palm Beach County. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss the Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim upon which Relief can be Granted (DE [31]) is **DENIED**.

2. **THIS CAUSE** is hereby **STAYED** pending resolution of the concurrent litigation in the 15th Judicial District in Palm Beach County, Florida (Case Number: 502021CA005799XXXXMB Div: AI).

3. The Clerk shall **CLOSE** this case for administrative purposes, and all pending motions are **DENIED AS MOOT**.

---

[1] *See* Owen W. Gallogly, *Colorado River Abstention: A Practical Reassessment*, 106 Va. L. Rev. 199 (2020) for an extensive discussion on the use of Colorado River Abstention in situations of parallel litigation and the need to revisit limitations set forth in *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1 (1983).

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 31st day of March 2022.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF